Mustafa JAUPI, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–3776AG.

United States Court of Appeals,
Second Circuit.

April 14, 2006.

Mustafa Jaupi, Woodside, New York, for Petitioner, pro se.

William J. Leone, United States Attorney for the District of Colorado, James C. Murphy, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Mustafa Jaupi, *pro se*, petitions for review of the BIA's June 22, 2005 decision denying him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT") We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an affirmance without opinion, this Court reviews the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including its finding as to credibility, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir. 2005). Here, substantial evidence supports the IJ's finding that Jaupi failed to offer credible evidence in support of his political persecution claim. This finding, in turn, constitutes substantial evidence to support denial of relief from removal in this case.

The IJ based his adverse credibility decision in part on material inconsistencies

between Jaupi's statements on his asylum application and his hearing testimony. *See Borovikova v. United States DOJ*, 435 F.3d 151, 156 (2d Cir.2006). On his application, Jaupi specifically stated that he was not, and had never been a member of any political party. In his accompanying eight-page affidavit Jaupi noted that he "liked the Democratic party," but he made no mention of ever being a member. At his hearing, however, Jaupi testified that, for some years, he had been a member of the Democratic Party, and that he had served as a permanent election observer and worked on numerous campaigns on the party's behalf. This inconsistency is significant and goes to the heart of petitioner's claim for political asylum. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

In challenging the IJ's reliance on this inconsistency, Jaupi faults the IJ for referring to his asylum interview, the transcript of which was never offered into evidence at his hearing. He is wrong. The IJ's decision refers not to the asylum interview but only to Jaupi's signed asylum application and accompanying affidavit. The IJ acted within his discretion in considering and rejecting Jaupi's explanation as to the inconsistencies between these asylum application documents and his hearing testimony. We defer to the IJ's finding of specific inconsistencies as to this material element of Jaupi's political persecution claim. *See Zhou Yi Ni v. United States DOJ*, 424 F.3d 172, 174 (2d Cir.2005) (per curiam).

In addition, the IJ appropriately noted that the absence of "easily obtainable and directly supportive" documentary evidence for the claim of political persecution further undermined Jaupi's credibility. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 78–79 (2d Cir.2004). The IJ's decision to reject Jaupi's medical documents finds support in the State Department Country Profile, which indicates that such records are frequently inaccurate or forged. The IJ also reasonably found that Jaupi failed to provice specific, available corroborative evidence, such as a statement or testimony from his wife, who has lived in the United States since April 2001, or affidavits from Jaupi's brother or parents, who have personal knowledge of the Jaupi's life in Albania. *See id.* Jaupi argues that his brother-in-law was available to testify, as he was present at Jaupi's hearing, but that the IJ erred by never asking him to do so. This argument fails, as it is incumbent on the applicant, not the IJ, to establish eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(I).

Furthermore, the IJ reasonably found that the State Department Profile's indication that the success of the Democratic Party in recent elections in various districts in Albania as well as the presence of Democratic leaders in parliament contradicted Jaupi's claim that he had to flee Albania. The IJ's reliance on the Profile was appropriate, as it was used only to bolster an otherwise substantially supported adverse credibility determination. *See Xiao Ji Chen v. United States DOJ*, 434 F.3d 144, 164–65 (2d Cir.2006).

Accordingly, we conclude that the IJ did not err in denying Jaupi asylum and withholding of removal based on his failure to present credible supporting evidence. Because Jaupi does not challenge the BIA's affirmance of the IJ's CAT decision in his *pro se* brief, we deem that point waived. In any event, any such challenge would similarly fail in light of the IJ's adverse credibility determination. *See Xue Hong Yang v. United States DOJ*, 426 F.3d 520, 523 (2d Cir.2005). Accordingly, Jaupi's petition for review is DENIED.